IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| TAREK ISAAK MENTOURI, | ) |
| Plaintiff, | ) CIVIL ACTION NO. 3:19-cv-1076 |
| v. | ) District Judge Aleta A. Trauger |
| FIFTH THIRD BANCORP., | ) Magistrate Judge Barbara D. Holmes |
| Defendant. | ) |

## STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT FIFTH THIRD BANK, N.A.

COMES NOW Defendant, Fifth Third Bank, National Association ("Fifth Third"), incorrectly named in the complaint and subsequent filings as "Fifth Third Bancorp", and respectfully submits the following Statement of Undisputed Facts in Support of its Motion for Summary Judgment.

Fifth Third served Requests for Admission, Requests for Production of Documents, and Interrogatories on Plaintiff on March 27, 2020. Plaintiff provided responses to the Requests for Admission on March 31, 2020, and verified responses to the Interrogatories on April 24, 2020. *See* **Collective Exhibit A**, Plaintiff's Responses to Defendant's First Set of Requests for Admission and Interrogatories.

### STATEMENT OF UNDISPUTED FACTS

1. Mr. Mentouri previously maintained a checking account with Fifth Third that is identified by an account number ending in "2914." *See* **Exhibit B**, Declaration of Cassandra Colwell (hereinafter, "Colwell Decl."), ¶ 7.

**RESPONSE NO. 1:**

2. The extent of the relationship between Fifth Third and Mr. Mentouri is that of a bank to a depositor, respectively. *See* Colwell Decl., ¶ 7.

**RESPONSE NO. 2:**

3. Mr. Mentouri's checking account is governed by Fifth Third's Deposit Account Rules & Regulations (November 2018). *See* Colwell Decl., ¶ 8 and Ex. 1 thereto.

**RESPONSE NO. 3:**

4. Mr. Mentouri agreed to the terms of Fifth Third's Deposit Account Rules & Regulations by executing a signature card. *See* Colwell Decl., ¶ 9 and Ex. 2 thereto.

**RESPONSE NO. 4:**

5. In or around late-May 2019 ("date of hire"), Mr. Mentouri hired a third party by the name of Casie Tennille Williams ("Ms. Williams") to do "various odd jobs around his home," and "to install tint in windows and blinds for window[s]." *See* ECF No. 1, Compl., ¶¶ 4, 11.

**RESPONSE NO. 5:**

6. On the date of hire, Ms. Williams obtained two blank checks from Mr. Mentouri which were left unattended and unsecured on Mr. Mentouri's kitchen counter.[1] These details, *inter alia*, are contained in police report dated May 31, 2019, which was obtained from the Metropolitan Nashville Police Department:

> TELESERVE 23D OOC
>
> COMPLAINANT IS CURRENTLY OUT OF TOWN IN CINCINATTI [SIC] BUT [SIC] HAS LEARNED FROM HIS BANK, 5TH 3RD, THAT 2 CHECK HAD BEEN PRESENTED TO BE CASH [SIC]. COMPLAINANT STATED THAT A CONTRACTOR, [REDACTED], WAS IN HIS HOME ON 5/29/2019 AND **COMPLAINANT BELIEVES THAT SHE STOLE CHECKS FROM HIS CHECKBOOK THAT WAS ON THE KITCHEN COUNTER**. COMPLAINANT IS NOT SURE OF HOW MANY CHECKS WERE STOLEN, BUT KNOWS AT LEAST 2 WERE STOLEN.
>
> COMPLAINANT WAS NOTIFIED BY 5TH 3RD BANK (615) 988-3474) THAT SOMEONE WAS AT THE BANK PRESENTING A CHECK FOR $4,500 ON 5/30/2019 TO BE CASH [SIC]. COMPLAINANT INFORMED BANK THAT HE DID NOT ISSUE THAT CHECK AND THE CHECK WAS NOT CASHED. CHECK WAS PRESENTED BY DAVID EAFLEY. COMPLAINANT STATED THAT BANK INFORMED HIM THAT A 2ND CHECK FOR $3,200 WAS CASHED ON 5/30/2019. COMPLAINANT DID NOT AN [SIC] ADDRESS FOR THE LOCATION WHERE THE CHECKS WERE PRESENTED AT THE TIME OF THE REPORT.

*See* **Exhibit C**, Certified Copy of Incident Report No. 2019-0415410 from Metropolitan Police Department Nashville, Tennessee, May 31, 2019. *See also* **Exhibit D**, Affidavit of Zachary D. Miller.[2]

---

[1] In response to Interrogatory No. 9 as contained in **Collective Exhibit A**, Plaintiff confirms that the check was located in Plaintiff's kitchen on the date of hire. However, Plaintiff states that he "doesn't recall the exact location" of the checks when they were taken by Ms. Williams, but they could have been in a "drawer or cupboard." Regardless of the exact location, it is undisputed that the checks were not in any way secured by lock and key or similar security device.

[2] While Exhibit C is self-authenticating as a Certified Copy of a Public Record pursuant to Rule 902(4) of the Federal Rules of Evidence, Fifth Third submits that through Exhibit D, the declaration of Fifth Third's counsel is

**RESPONSE NO. 6:**



7.   According to the Complaint, this was only the second time that Mr. Mentouri employed Ms. Williams to complete various tasks at his home. *See* Compl. ¶ 10.

**RESPONSE NO. 7:**



8.   Ms. Williams forged Mr. Mentouri's signature on the checks, and on May 30, 2019, cashed one of the checks in the amount of $3,200.00 (the "first forged check"). See Exhibit C, p. 3; Compl. ¶ 4.

**RESPONSE NO. 8:**



9.   Ms. Williams presumably gave the second check to an individual named David Eafley ("Mr. Eafley"), who presented the check to be cashed in the amount of $4,500.00 (the "second forged check"). *See* Exhibit C, p. 3

**RESPONSE NO. 9:**

---

sufficient to establish that Exhibit C is what it purports to be, and therefore Exhibit C is also admissible under Rule 901(a) of the Federal Rules of Evidence. The Sixth Circuit has held that testimony of counsel which clearly describes the process by which the document to be admitted was obtained is sufficient to authenticate a document under 901(a). *Cabaniss v. City of Riverside*, 497 F. Supp. 2d 862, 875 (S.D. Ohio 2006) (affirmed by *Cabaniss v. City of Riverside*, 231 F. App'x. 407 (6th Cir. 2007)).

10. Upon Mr. Eafley's presentment of the second forged check for cashing, Fifth Third notified Plaintiff of the attempt. *Id.* Fifth Third refused to cash the check presented by Mr. Eafley, and informed Plaintiff of the check that was cashed by Ms. Williams. *Id.*

**RESPONSE NO. 10:**



11. Mr. Mentouri then filed a fraud/forgery claim with Fifth Third's Disputes Resolution Department, and while the Disputes Resolutions Department worked in good faith to respond to all inquiries regarding the claim and to coordinate a timely resolution, the claim was ultimately denied because Mr. Mentouri left the checks were unattended and unsecured which contributed to the forgery. *See* **Exhibit E**, Declaration of Zachary Hasler (hereinafter, "Hasler Decl."), ¶ 8 and Ex. 1 thereto.

**RESPONSE NO. 11:**



Respectfully submitted this 15th day of May, 2020.

/s/ Zachary D. Miller
Zachary D. Miller, Esq. (BPR #032674)
BURR & FORMAN, LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3216
Facsimile: (615) 724-3316
E-mail: zmiller@burr.com

Attorney for Defendant
FIFTH THIRD BANK, NATIONAL ASSOCIATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by first-class, United States mail, postage prepaid, on this the 15th day of May, 2020:

>Tarek Isaak Mentouri
>1801 Glade Street
>Nashville, TN 37207

>/s/ Zachary D. Miller
>OF COUNSEL