**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **TAREK ISAAK MENTOURI,** | ) | **CIVIL ACTION 3:19-cv-1076** |
| **Plaintiff,** | ) | **District Judge Aleta A. Trauger** |
| **vs.** | ) | **Magistrate Judge Barbara D. Holmes** |
| | ) | |
| **FIFTH THIRD BANCORP,** | ) | |
| **Defendant** | ) | |

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

Plaintiff Tarek Isaak Mentouri, proceeding pro se in this matter, respectfully submits his Response in Opposition to Defendant Fifth Third Bank's Motion For Summary Judgment.

### INTRODUCTION

The Defendant's Motion for Summary Judgment is a bizarre and glib mixture of omissions, unintentional admissions, and brazen assumptions based solely on conjecture, stretches, and subterfuges, not based on legal precedent or statutes.

One example of a combined omission, admission and subterfuge is the Defendant's Declaration from Fifth Third Bank employee Cassandra Colwell. See Document 11-2, Exhibit B, page 2. Defendant's present this Declaration as some of sort of exonerating document, or exonerating testimony.

1

The State of Tennessee has a Uniform Commercial Code related to Employer (in case the Plaintiff) responsibility for fraudulent endorsement of instruments by employees/contractors (in this case Casie Tennille Williams). Tennille Williams was never entrusted with or employed for accounting or any other financial duty by the Plaintiff. See Tenn. Code Ann. Section 47-3-405(2). She was hired solely for handy work.

Defendant admits two checks (instruments) were stolen from the Plaintiff and "forged" by Tennille Williams and David Eafley. See Document 11, pages 4-5. Defendant further admits they acted in good faith by contacting the Plaintiff when Eafley presented the forged $4,500 check. Defendants refused to cash the check based on their policy of contacting account holders before cashing checks over $3,000.

Defendant then admits to acting in bad faith by not following this same policy on the same day with the Tennille Williams check for $3,200 that is the subject of this litigation. Furthermore, Defendants objected to admitting receiving a recording from the Plaintiff that is a Fifth Third Bank teller admitting the Defendant's policy is to call and confirm all checks over $3,000 before cashing. See attached Exhibit A (Defendant's Objections to Plaintiff's First Set of Interrogatories).

It is because of the foregoing and several other matters of law and procedure, that summary judgment should be denied.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R Civ. P. 56(a). In order to prevail on a Motion for Summary Judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548,2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir.1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Mat-*

2

sushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

## PENDING OBJECTIONS TO INTERROGATORIES (INCOMPLETE DISCOVERY)

Plaintiff emailed interrogatories to the Defendant on April 21, 2020 (See Exhibit B). All of the simple questions were related to the audio recording the Plaintiff will use as evidence at trial. Examples of these simple-to-answer and acknowledge questions:

*1. Did Fifth Third receive and review the attached audio phone call from your teller at 306 Gallatin Pike North branch location in Madison, Tennessee on June 28?*

*2. Please acknowledge with a yes or no that Tennessee is one-party consent state for recording phone calls pursuant to TN Code § 39-13-601, § 39-13-604.*

*3. Please acknowledge that federal law also allows recording of with [sic] one-party consent pursuant to 18 U.S.C. § 2511.*

See Exhibit B for the remaining questions.

Defendant responded to every interrogatory in the same fashion, saying they were untimely and "seeks irrelevant information that would not be likely to lead to the discovery of admissible evidence."

Generally the admission of tape recordings is committed to the discretion of the trial court. *United States v. Cooper*, 365 F.2d 246, 250 (6th Cir. 1966), cert. denied, 385 U.S. 1030, 87 S.Ct. 760, 17 L.Ed.2d 677 (1967). Taped recordings are admissible unless [they are] incomprehensible..." *United States v. Robinson*, 763 F.2d 778, 781 (6th Cir. 1985)("Robinson II "). There is thus a genuine issue of law that must be determined by the Court, regarding the admissibility of the recording of the Fifth Third Bank teller and their recitation of the company's check cashing policy.

3

Plaintiff is proceeding pro se, with contract help from document preparation para-legals and legal writers. Plaintiff served the interrogatories in good faith 10 days before the May 1, 2020 deadline on the Scheduling Order. At worst, the Plaintiff displayed ex-cusable neglect when serving the interrogatories and giving the Defendant 10 days to respond. Pro se pleadings are also held to a less stringent standard and are to be liber-ally construed in favor of the pro se litigant. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006).

Summary judgment should be denied as a matter of law.

## Defendant interpretation of Tenn. Code Ann. § 47-3-406 is invalid, contradictory since Defendant admits violating own policy

Defendant falsely asserts as an "undisputed fact" that "Mr. Mentouri left at least two blank checks unattended and unsecured on his kitchen counter while Ms. Williams was working in his home." See Document 12, Page 4 of 9 PageID #: 127. Defendants assert that the Plaintiff "lacked ordinary care" to prevent the crime as a result.

Defendant asked in Request for Admission, "1. Admit that on or around May 29, 2019, that you left the Checks at Issue unsecured in your residence located at [redact-ed] Nashville, TN 37207." Plaintiff responded "Plaintiff admits the crimes took place at his residence [redacted] on or around May 29, 2019. The rest of this is denied." See Document 11-1, Page 7 of 11 PageID #: 41 and Page 10 of 11 PageID #: 44. Defen-dants entire preclusion argument is thus null due to the falsely asserted "undisputed fact."

Defendant's conduct in cashing the fraudulent $3,200 check epitomizes lack of ordinary care. Defendant Fifth Third Bank (1) did not take the instruments in good faith; (2) failed to exercise ordinary care; and (3) said failure "substantially contributed" to the forged signatures. *Bank/First Citizens Bank, v. Citizens & Associates*, 82 S.W.3d 259, 260 (Tenn. 2002). A "person" as it relates to the statute includes, "an individual, corpora-

4

tion, business trust, estate, trust, partnership, limited liability company, association, joint venture, government, governmental subdivision, agency, or instrumentality, public corporation, or any other legal or commercial entity." Tenn. Code Ann. § 47-1-201(b)(27).

Defendant Fifth Third admits that two checks were stolen and presented for cash at its branches. One check was presented to the bank by David Eafley in the amount of $4,500. Defendant states, "Upon Mr. Eafley's presentment of the second forged check for cashing, Fifth Third notified Plaintiff of the attempt. *Id.* Fifth Third refused to cash the check presented by Mr. Eafley." See Document 11, Page 5 of 6 PageID#: 33. However on the same day, Defendant cashed the $3,200 check without contacting the Plaintiff. *Id.* Page 4 of 6 PageID #: 32. Thus the Defendant practiced ordinary care with one check, and failed to do so with the other check. Furthermore the tape of the Fifth Third Bank teller says the check cashing policy requires the bank to contact the drawer when any check is presented over $3,000.

The Tennessee Supreme Court defines "good faith" in accordance with the general code definition to mean "honesty in fact in the conduct or transaction involved." See Tenn. Code Ann. § 47-1-201(20). Defendant cannot assert it cashed the $3,200 check in good faith since it, in good faith, followed its own policy in denying the $4,500 check on the same day. Defendant failed to exercise ordinary care and is solely responsible for the Plaintiff's loss. Litigation could have easily been avoided had the Defendant acted in good faith not only with its check cashing policies, but also with its refund policy on stolen instruments.

Summary judgment should be denied.

**Potential recovery of cost, consequential and punitive damages negate Defendant's remaining summary judgment claims**

5

Defendant alleges "the language of the [§ 47-3-420(a)] clearly precludes Mr. Mentouri from recovering consequential damages." See Document 12, Page 5 of 9 PageID #:128.

"Courts have held that a conversion action under the Code could support an award of punitive damages if the bank's conduct is sufficiently aggravated to meet that jurisdiction's particular punitive standard." *McAdam v. Dean Witter Reynolds, Inc.*, 896 F.2d 750 (1990) (3rd Cir. 1990). The mere act of conversion under [conversion statutes] does not suffice to entitle the plaintiff to punitive damages. *D&G Equip. Co. vs. First National Bank of Greencastle, Pa.*, 764 F.2d 950, 957 n. 6 (3rd Cir 1985). But punitive damages "could be appropriately predicated on a conversion action under that section of the Code if the bank's conduct had 'stemmed from malice, conscious indifference to the rights of others, or reckless disregard of such rights.'" *Id.*

Tenn. Code Ann. §47-3-420 states in full:

(a) The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment. An action for conversion of an instrument may not be brought by (i) the issuer or acceptor of the instrument or (ii) a payee or endorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a copayee.

(b) In an action under subsection (a), the measure of liability ***is presumed*** to be the amount payable on the instrument, but recovery may not exceed the amount of the plaintiff's interest in the instrument.

(c) A representative, including a depositary bank, ***who has in good faith*** dealt with an instrument or its proceeds on behalf of one who was not the person entitled to enforce

the instrument is not liable in conversion to that person beyond the amount of any proceeds that it has not paid out.

Furthermore:

"The remedies provided by chapters 1-9 of this title **must be liberally administered** to the end that the aggrieved party may be put in as good a position as if the other party had fully performed but neither consequential or special damages nor penal damages may be had except as specifically provided in chapters 1-9 of this title or by other rule of law." Tenn. Code Ann. § 47-1-305(a).

The law clearly states a presumption of limited recovery, similar to how every defendant in criminal court is presumed innocent. However, many are found guilty after trials. The Court has the power to liberally administer the conversion statute in its own discretion.

It's undisputed that Fifth Third acted in bad faith since it followed its own policy by verifying one stolen check with the Plaintiff, then failed to follow the same policy with the other stolen check on the very same day. The state of Tennessee defines "good faith" as "honesty in fact in the conduct or transaction involved." See Tenn. Code Ann. § 47-1-201(20). It's hard to imagine a jury deciding Fifth Third acted in good faith when they followed their own policies one minute and arbitrarily ignored said policies the next, causing severe harm to the Plaintiff.

Plaintiff will also be entitled to recover costs related to this litigation. Defendant has essentially conceded that this entire litigation was unnecessary; that the Plaintiff was forced to file suit because Fifth Third failed to follow its own policies in good faith when the entire incident could have been resolved without Court and additional costs to both parties. Defendant stated twice in its Summary Judgment motion that Plaintiff should only be able to recover the $3,200 face value of the check, after the Plaintiff has

7

spent over $2,000 in paralegals, document preparations, filing fees and other costs just to get Fifth Third to follow its own policies.

Federal Rule of Civil Procedure 54(d) entitles a prevailing party to recover both taxable and nontaxable costs unless a federal statute dictates otherwise. See *In Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166 (2013).

Based on all of the foregoing, summary Judgment should be denied as several disputes of material fact exists, discovery is complete, and the defendant's motion is simply a lot of boiler-plate language from Rule 56 and misinterpretation of federal precedent.

Respectfully submitted on this _____day of December, 2019

_____

Tarek Isaak Mentouri
1801 Glade Street
Nashville, TN 37207
Tmento01@gmail.com
770-895-5046

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served via email on the same day of filing, to counsel of the Defendant:

Zachary Miller: zmiller@burr.com

Jordan Puryear: jpuryear@burr.com

Athena Gosnell: agosnell@burr.com

_____
Tarek Isaak Mentouri

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

TAREK ISAAK MENTOURI, )

- ) CIVIL ACTION NO. 3:19-cv-1076
  Plaintiff, )

- ) District Judge Aleta A. Trauger
  v. )

- ) Magistrate Judge Barbara D. Holmes
  FIFTH THIRD BANCORP., ) ) Defendant. )
  DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF
  Defendant Fifth Third Bank, National Association ("Fifth Third"), incorrectly named in the complaint and subsequent filings as "Fifth Third Bancorp" by and through counsel, pursuant to Federal Rules of Civil Procedure 26 and 33 hereby propounds its First Set Interrogatories to Tarek Isaak Mentouri as follows:
  DEFINITIONS

A. Document - As used herein, "document" shall be used in its broadest possible sense, and shall mean any tangible or intangible thing upon which information is or has been stored, recorded or communicated in your custody, control or possession, or of which you have knowledge, including without limitation, electronically stored information, letters, correspondence, e-mails, invoices, contracts, agreements, purchase orders, leases, deeds, covenants, restrictions, permits, work orders, letters of intent, drawings, drawing revisions, specifications, requests for information and responses to requests for information, architect's supplemental instructions, submittals, shop drawings, samples, memoranda, tapes, stenographic and handwritten notes, microfilm, bulletins, circu-

9

lars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, pictures, film, graphs, statistical

43227886 v1

compilations, magnetic discs, records and tapes and other media, computer cards, tapes, printouts, reports and other machine-readable records and data, sound recordings, and every draft or copy of a document which is not identical to the original or which draft or copy contains any commentary or notation whatsoever that does not appear on the original.

B. Person - As used herein, "person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies or any other legally cognizable entities.

C. Date - As used herein, "date" shall mean the exact day, month and year, if known, or, if the exact date is not known, the best available approximation.

D. Communication - As used herein, "communication" shall include any oral utterance made, heard or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

E. Identify - As used herein, "identify" when used in reference to:
(1) A person who is an individual, shall mean to state his or her full name, present or last known residence address (designating which), and present or last known position or business affiliation (designating which), job title, employment address, business and residence

telephone numbers;
(2) A person who is a firm, partnership, corporation, proprietorship,

association, financial institution, or other organization or entity, shall mean to state its full name and present or last known address and tele-

phone number (designating which), the legal form of such entity or organization and the identity of its chief executive officer;

43227886 v1 2

(3) An oral or written communication, the date, subject matter, communicator, communicatee, nature of the communication, place or places where the communication occurred, whether it was recorded or otherwise memorialized, and the identity of any witness thereto;

(4) A document, shall mean to state the title (if any), the date, author, sender, recipient, the identity of persons signing it, type of document (i.e., a letter, memorandum, book, telegram, invoice, etc.) or some other means of identifying it (e.g., invoice number), the names of the persons known to have seen the document or to have received copies, its present location or custodian, and a description of its contents (in lieu of stating the foregoing information, you may attach a legible copy of a document to their responses hereto, specifying the particular Interrogatory to which the copy is in response and identifying the present custodian of the original).

If any document which you would have identified in response to any Interrogatory or Request was but is no longer in your present possession or subject to your control or is no longer in existence, in addition to all of the above information of which you have knowledge, "identify" shall also mean to state whether any such document is or has been missing, lost, destroyed, transferred to others or otherwise disposed of, and in any such instance to set forth the surrounding circumstances in any authorization for such disposition, to state the approximate date of such disposition, and, if known, the present location and custodian of such document.

F. State all Facts and Circumstances - As used herein, "state all facts and circumstances" means to provide a reasonable summary of all facts and circumstances discoverable or known to you or your attorneys. When used in reference to a denial of an allegation of the pleadings, "state all

11

facts" shall include all facts negating, as well as supporting, the allegation.

43227886 v1 3

G. You, Your, or Plaintiff - As used herein, "you" or "your" shall mean Tarek Isaak Mentouri and any person or persons acting or purporting to act in any manner on Tarek Isaak Mentouri's behalf.

H. Defendant - As used herein, "Defendant" shall mean Defendant Fifth Third Bank, National Association.

I. Complaint - As used herein, "Complaint" shall mean the Complaint that Plaintiff filed in this action [ECF No. 1].

J. Answer - As used herein, "Answer" shall mean the Answer Affirmative and Defenses that was filed by Defendant in response to the Complaint [ECF No. 8].

K. Checks at Issue – As used herein, "Checks at Issue" shall mean the check or checks that were stolen by Casie Tennille Williams on or around May 29, 2019.

INSTRUCTIONS

A. Objections Based on Privilege - In the event that any information, documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

(1) The type of document or thing, its general subject matter and the place and approximate date it was prepared or created;

(2) The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(3) A statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing; and

---

43227886 v1 4

(4) The numbers of each specification to which the document or thing otherwise would be responsive.

B. To the extent any information called for by these Interrogatories or Requests is unknown to you, so state, and set forth such remaining information as is known. If any estimate can reasonably be made in place of unknown information, also set forth your best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate is made.

C. Documents no longer in your possession - If any document which you would have produced in response to any Request was but is no longer in your present possession or subject to your control or is no longer in existence, please state whether any such document is:

- (1) Missing or lost;

- (2) Destroyed;

- (3) Transferred to others;

- (4) Otherwise disposed of and, in such instance, set forth the surrounding

circumstances in any authorization for such disposition and to state the approximate date of any such disposition, and, if known, state also the present location and custodian of such document.

D. These Interrogatories and Requests, and all subsequent Interrogatories and Requests, shall be deemed continuing until and during the course of trial. Information sought by these Interrogatories and Requests that you obtain after you serve your responses are requested to be disclosed by a supplemental response without further request from you.

INTERROGATORIES

1. Identify each person who supplied any information or otherwise assisted with the preparation of your responses to these Interrogatories and/or Defendant's First Request for

---

43227886 v1 5

Production of Documents to Plaintiff and/or Plaintiff's First Request for Admissions to Plaintiff served herewith.

RESPONSE:

2. Identify any and all persons who you believe to have knowledge of facts that you contend support any claim you have asserted as to the facts and claims asserted in your Complaint, and for each person identified, state a summary of the relevant facts known to the person.

RESPONSE:

3. Identify any person whom you expect to call as a witness in the action, and for each person identified, state the subject matter on which each is expected to testify, as well as the substance of the facts and opinions to which each is expected to testify, and a summary of the grounds for each opinion.

RESPONSE:

4. State all facts and circumstances which you contend support Count One asserted in your Complaint.

14

RESPONSE:

5. State all facts and circumstances which you contend support Count Two asserted in your Complaint.

RESPONSE:

43227886 v1 6

6. State all facts and circumstances surrounding any "financial loss" or "usurpation of opportunities" (as referenced in ¶ 13 of the Complaint) that you allegedly have suffered as a result of the allegations asserted in the Complaint.

RESPONSE:

7. State all facts and circumstances surrounding any consequential damages (as referenced in ¶ 15 of the Complaint) that you allegedly have suffered as a result of the allegations asserted in the Complaint.

RESPONSE:

8. State all facts and circumstances surrounding your business relationship with Casie Tennille Williams, including but not limited to: the method of hiring used to obtain her services, any vetting process you undertook prior to hiring her as either an employee or independent contractor.

RESPONSE:

9. Please identify the exact location, including but not limited to, the address, room, fixture and/or specific piece of furniture, of the Checks at Issue on the date they were allegedly stolen by Casie Tennille Williams.

RESPONSE:

10. State all facts and circumstances regarding the exact nature and scope of work Casie Tennille Williams was hired to complete on or around May 29, 2019, including, but not limited to,

43227886 v1 7

the amount of payment and/or compensation she was to receive, and the method of payment and/or compensation.

RESPONSE:

11. Have you ever been involved in any legal action, whether civil or criminal, as either plaintiff or defendant? If so, please identify: (a) the jurisdiction and court in which the action was filed, (b) the style and case number of the action, and (c) the outcome and/or prevailing party of the action.

RESPONSE:

12. Identify any oral or written communication between you and Casie Tennille Williams regarding the Checks at Issue, or any of the facts alleged in the Complaint.

RESPONSE:

13. Identify any oral or written communication between you and Defendant regarding the Checks at Issue, or any of the facts alleged in the Complaint.

RESPONSE:

14. Identify any oral or written communication between you and any person regarding the Checks at Issue, or any of the facts alleged in the Complaint.

RESPONSE:

43227886 v1 8

15.     Identify any oral or written communication which you intend to introduce as evidence in the trial of this matter.

**RESPONSE:**


16.     Identify any document or documents that you intend to introduce as evidence in the trial of this matter.

**RESPONSE:**


Respectfully submitted this 27th day of March, 2020.

Zachary D. Miller, Esq. (BPR #032674)
BURR & FORMAN, LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3216
Facsimile: (615) 724-3316
E-mail: zmiller@burr.com

Attorney for Defendant
FIFTH THIRD BANK, NATIONAL ASSOCIATION

43227886 v1                                    9

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served by

email and first-class, United States mail, postage prepaid, on this the 27th day of March, 2020:

Tarek Isaak Mentouri
1801 Glade Street
Nashville, TN 37207
Tmento01@gmail.com

OF COUNSEL

tmento01 <tmento01@gmail.com>
to Zachary ∨

Tue, Apr 21, 11:45 AM

Hello Sir, h      from:   **tmento01** <tmento01@gmail.com>     nterrogatories you sent me. I emailed them to you weeks ago.

Thank you      to:   "Miller, Zachary" <zmiller@burr.com>

      date:   Apr 21, 2020, 11:45 AM

···      subject:   Re: Mentouri v. Fifth Third Bank (Discovery Requests)

     mailed-by:   gmail.com

2 Attachm

Exhibit A.m4a        interoggatory .pages

**TYPE TO ENTER A CAPTION.**

Presorted
First-Class Mail
U.S. Postage Paid
C2M LLC
22202

359332-75-2-PB
Isaac Menlouri
1801 Glade St
Nashville, TN 37207-4908

1••••••••••••••••••••••••••**SNGLP 480

US District Court
No. 3:19-01076
801 Broadway Ste 800
Nashville, TN 37203-3869

RECEIVED
in Clerk's Office

JUN 19 2020

U.S. District Court
Middle District of TN