IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TAREK ISAAK MENTOURI )
)
v. ) NO. 3:19-01076
)
FIFTH THIRD BANK, NATIONAL )
ASSOCIATION )

**TO: Honorable Aleta A. Trauger, District Judge**

# REPORT AND RECOMMENDATION

By Order entered December 12, 2019 (Docket Entry No. 7), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 10) filed by Defendant Fifth Third Bank, National Association. The motion is opposed by Plaintiff. For the reasons set out below, the undersigned does not address the merits of the motion but respectfully recommends that this case be dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

Tarek Isaak Mentouri ("Plaintiff") is a resident of Nashville, Tennessee. On December 3, 2019, he filed this *pro se* lawsuit pursuant to diversity jurisdiction under 28 U.S.C. § 1332 against Fifth Third Bank, National Association ("Defendant" or "Fifth Third"), a national bank with its principal place of business in Ohio. *See* Complaint (Docket Entry No. 1). Plaintiff requests a jury trial and seeks actual damages of $3,200.00, as well as consequential and punitive damages of no less than $75,000.00, based upon what he contends was Defendant's wrongful payment on a check that had been stolen from him, fraudulently filled out and forged with his signature, and cashed on his checking account with Defendant.

The pertinent facts are as follows. Plaintiff asserts that he had two checks stolen from his house by a woman, Casie William ("Williams"), whom he had hired to do some repair work. Before Plaintiff discovered that the checks had been stolen, Williams fraudulently filled out one of the checks in the amount of $3,200.00, forged Plaintiff's name on the check, and cashed it at a Fifth Third branch on May 30, 2019. The second check was also fraudulently filled out in the amount of $4,500.00 and was presented to be cashed by a man named David Eafley, but the check was not cashed after a Fifth Third employee contacted Plaintiff about the check and was informed by Plaintiff that he had not issued the check. On May 31, 2019, Plaintiff filed a report about the theft with the Metropolitan Nashville Police Department, resulting in the completion of an incident report.[1] The results of the police investigation are unknown.

Plaintiff also filed a fraud/forgery claim with Defendant's Disputes Resolution Department in early June 2019. As part of his claim, Plaintiff stated that Williams "saw [the] check on kitchen counter and stole it."[2] On June 19, 2019, Defendant made an initial decision to deny Plaintiff's claim for the following stated reason, "Our research shows that the check or account information weren't secured and this contributed to the forgery or fraud."[3] Plaintiff requested reconsideration of the decision, asserting (1) that he had been told by a bank employee that there was a policy to call account owners before cashing large checks, particularly when the redeemer was not a customer with Defendant and (2) that his police report was being investigated.[4] However, Defendant ultimately affirmed its decision to deny the claim for the originally stated reason.[5]

Plaintiff thereafter filed this lawsuit. Plaintiff claims that Defendant is liable under Tenn. Code Ann. § 47-3-420 for making payment on the forged check. He also brings a claim under

---

[1] *See* Docket Entry No. 11-3.

[2] *See* Docket Entry No. 11-5 at 6.

[3] *Id*. at 11.

[4] *Id*. at 13.

[5] *Id*. at 14.

2

Tenn. Code Ann. § 47-3-307 for breach of fiduciary duty, contending that Defendant failed to exercise its duty of care and did not follow its own check cashing policies by calling him about the check before cashing it. Upon Defendant's filing of an answer (Docket Entry No. 8), the Court entered a scheduling order that provided the parties with a period for pretrial activity in the case, including a period for discovery. *See* Docket Entry No. 9.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendant seeks summary judgment under Rule 56 of the Federal Rules of Civil Procedure on both of Plaintiff's claims. With respect to Plaintiff's statutory conversion claim under Tenn. Code Ann. § 47-3-420, Defendant argues that the undisputed facts show that Plaintiff's own lack of ordinary care in not securing his checks in a safe place contributed to the forgery of the check and, therefore, he is precluded by Tenn. Code Ann. § 47-3-406 from asserting a claim against Defendant for recovery on the forged check that was cashed. *See* Memorandum in Support (Docket Entry No. 12) at 3-5. With respect to Plaintiff's breach of fiduciary duty claim, Defendant argues that the relationship between Plaintiff and Defendant was that of only a depositor and bank/creditor, which is not sufficient under Tennessee law to create a fiduciary duty that would support Plaintiff's claim. *Id*. at 7. Defendant further argues that, assuming that there is a basis for liability against it for cashing the forged check, its liability is limited to the amount of the check, pursuant to both Tenn. Code Ann. § 47-3-420 and the terms of the Deposit Account agreement between Plaintiff and Defendant, and that there is no basis for the assessment of any type of consequential or punitive damages against it based upon the facts of this case. *Id*. at 5-8.

In response, Plaintiff first argues that he was unable to complete discovery because Defendant would not answer his interrogatories, objecting that they were not timely served. *See* Response (Docket Entry No. 14) at 3. Plaintiff then argues that (1) it is not an undisputed fact that he left the checks unsecured in his house and (2) the evidence shows that Defendant did not act in good faith by cashing the $3,200.00 check by virtue of the fact that one of its employees called

3

Plaintiff about the $4,500.00 check prior to cashing it, which prevented that check from being cashed, yet made no such phone call to Plaintiff with respect to the $3,200.00 check. *Id*. at 4-5. Plaintiff asserts that he has a recording of a telephone call during which a bank teller states the bank's policy is to make such phone calls before cashing large checks . *Id*. Plaintiff then argues that any limitation on his recovery to the amount of the forged check is presumed, not required, under the law and that Defendant's bad faith supports his request for consequential and punitive damages. *Id*. at 6-8. Although Plaintiff attaches to his response a copy of his interrogatory requests to Defendant, he has not filed any actual evidence in support of his response and claims, and he has not made a direct response to Defendant's statement of undisputed material facts.

Also before the Court is Defendant's reply. *See* Docket Entry No. 15. Defendant argues that Plaintiff's response is procedurally improper, that Plaintiff fails to either set forth admissible evidence or cite to facts in the record that establish genuine issues of material fact with respect to his claims and that Plaintiff has failed to provide any applicable legal basis for his assertion that damages above the amount of the forged check are recoverable in this case. Defendant further argues that Plaintiff's attempt to raise a discovery dispute via his response should be denied.

### III. ANALYSIS

A. Plaintiff's Discovery Issue

The Court finds no merit to Plaintiff's assertion that a discovery issue exists for which he should be granted some measure of relief by the Court. The scheduling order set out May 1, 2020, as the deadline for the completion of discovery, and very clearly alerted Plaintiff that any discovery requests needed to be served at least thirty days prior to this deadline, and required that leave of the Court be obtained for any untimely discovery requests. *See* Docket Entry No. 9 at 2. Plaintiff ignored these directives and, although he had ample opportunity to engage in discovery that was timely under the scheduling order, he did not serve discovery requests upon Defendant until April 21, 2020. His discovery requests were untimely and in violation of the scheduling order and

were properly objected to by Defendant. Additionally, although Plaintiff raised the discovery issue via his response to the motion for summary judgment and not through a motion, the scheduling order required that any discovery motions be filed by May 1, 2020, *id*., and he thus failed to timely raise the issue.

Plaintiff's contention that his dilatory actions should be excused because of his *pro se* status is unpersuasive to the Court. Being a *pro se* litigant does not permit a party to simply ignore a Court's clearly communicated deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *1 (M.D. Tenn. Sept. 28, 2016); *Mayers v. Ellis*, 2016 WL 891181 at *5 (M.D. Tenn. Mar. 8, 2016); *Smith v. Woods*, 2015 WL 8055912 at *1 (M.D. Tenn. Dec. 4, 2015).

B. Motion for Summary Judgment

It is apparent that a substantial basis exists that requires dismissal of this case for reasons other than those raised by Defendant in its motion. Because it appears to the Court that diversity jurisdiction does not exist in the case, the Court lacks subject matter jurisdiction over the case and dismissal is required.

Instead of filing his lawsuit in state court, Plaintiff brought his case in federal court pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332. The diversity statute requires that "the matter in controversy exceed[ ] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff seeks the recovery of actual damages of $3,200.00 for the amount of the forged check, as well as consequential and punitive damages of no less than $75,000.00.

Generally, courts view the jurisdictional amount as satisfied if a plaintiff sets out in the complaint a request for relief that is made in good faith and that exceeds the amount in controversy. *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 628 (6th Cir. 2009). If, however, it appears to a legal certainty that a plaintiff's claim is really for less than the required amount in controversy, diversity jurisdiction does not exist. *Id*. Where the type of damages sought by a plaintiff are barred or limited

by the applicable law, it is a legal certainty that the plaintiff cannot recover that type of damages and the damages requested, thus, cannot be relied upon to satisfy the threshold amount for diversity jurisdiction. *Id; Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000). When the amount sought in the complaint was never recoverable in the first instance, dismissal is proper. *Elliot v. Garrett*, 2018 WL 2137732 at *3 (M.D.Tenn. May 9, 2018).

In the instant case, even if Plaintiff was successful on the merits of the conversion claim brought under Tenn. Code Ann. § 47-3-420, his recovery on the claim is limited to $3,200.00, the amount of the forged check. Tenn. Code. Ann. § 47-3-420(b) provides as follows:

> (b) In an action under subsection (a), the measure of liability is presumed to be the amount payable on the instrument, but recovery may not exceed the amount of the plaintiff's interest in the instrument.

This provision explicitly limits the maximum recovery to the amount of the forged check. Furthermore, Tenn. Code Ann. § 47-1-305 specifically provides that "neither consequential or special damages nor penal damages may be had except as specifically provided by chapters 1-9 of this title [TUCC] or by other rule of law." *See also Glazer v. First Am. Nat'l Bank*, 930 S.W.2d 546, 549 (Tenn.1996) (noting Section 47-1-305's limitation on recoverable damages had displaced the common law of conversion with respect to the recovery of consequential damages for conversion claims brought under the TUCC). The applicable law plainly limits Plaintiff's recovery on this claim to $3,200.00 and bars recovery of any additional damages.[6]

Plaintiff's arguments to the contrary, *see* Response at 6-9, are unpersuasive and unsupported by the law in Tennessee. The two cases that he relies on for his arguments are factually distinguishable and are also not controlling on this Court because they address matters of law from other states. Plaintiff has not shown any legal support under Tennessee law based on the facts of this case for recovery of damages above the amount of the forged check.

---

[6] Plaintiff's claim under T.C.A. § 47-3-307 fails to save his case from dismissal. That section has no applicability to the facts of this case because it deals with situations in which a fiduciary presents an instrument to a bank for payment or deposit. *See generally C-Wood Lumber Co. v. Wayne Cty. Bank*, 233 S.W.3d 263 (Tenn.Ct.App. 2007) (discussing Section 47-3-307).

6

A failure to satisfy the amount-in-controversy requirement for diversity jurisdiction deprives the Court of subject matter jurisdiction. *Charvot*, *supra*. The Court is obligated to ensure that it has subject matter jurisdiction over the case before it, even if the issue is not raised by the parties, *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court "shall dismiss" a case when it appears that subject matter jurisdiction is lacking. Fed. R. Civ. P. Rule 12(h)(3). Because it is a legal certainty that Plaintiff cannot recover damages in this case that satisfy the threshold amount for diversity jurisdiction, dismissal of this action for lack of subject matter jurisdiction is required.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that this action be DISMISSED under Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge